A. E. DURAND v. WILLIAM F. GRISWOLD.

*Abatement. Averments. Demurrer.*

In a plea of abatement where new matter is introduced by the plea, containing matters of fact, as well as of record, the plea should not conclude with the verification that he is ready to verify with the writ or record, but with the common verification.

If, however, the entire issue is to be proved by the record, the plea should conclude with the verification that " he is ready to verify by the writ or record."

In a plea in abatement, the averments should be direct and positive, so that a traverse will present a proper issue ; and where the material and issuable part of the plea was, whether the defendant resided at Charlotte, when the suit was commenced, and the averment was, " that at the time of issuing and service of said writ, the said defendant did reside and for a long time before, had and ever since has resided, in the town of Burlington and not elsewhere," the averment was held defective on demurrer.

But the averment, as to the residence of the plaintiff, "that at the time aforesaid, he did not reside in Charlotte," was held to be well made, and properly to present the issue as to the residence of the plaintiff.

BOOK ACCOUNT. The action was originally commenced before a justice of the peace, and came to the County Court by appeal.

The defendant filed a plea in abatement, setting forth, " that the " said writ at the time of the *issuing and service thereof,* was re- " turnable before Ezra Holt, a justice of the peace in and for the

Durand *v.* Griswold.

"county of Chittenden, at his, the said Holt's office, in the town
"of Charlotte, in said county, and that at the time of the *issuing*
"*and service of said writ*, the said defendant did reside and a long
"time before had, and ever since has resided, in the town of Bur-
"lington, in said county of Chittenden, and State of Vermont, and
"not elsewhere, and that at the time of *issuing and service of said*
"*writ*, the said plaintiff did not reside in said town of Charlotte,
"and that this suit was not, and is not commenced or prosecuted
"in whole or in part to recover any debt or demand for goods,
"wares or merchandize, sold or delivered in said town of Char-
"lotte, and this he, the said defendant, is ready to verify, where-
"fore," &c.

To this plea the plaintiff demurred.

The County Court, September Term, 1853—PECK, J., presid-
ing—adjudged the plea in abatement sufficient, and rendered judg-
ment that the writ abate.

Exceptions by plaintiff.

*Geo. F. Edmunds* for plaintiff.

The plea in abatement makes no reference to the writ, or pre-
vious proceedings, and must therefore stand or fall alone. *Pear-
son* v. *French*, 9 Vt. 349. *Bowman* v. *Stowell*, 21 Vt. 309.

2. It does not appear to have been put in, in time. A plea in
abatement out of time is demurrable. *Jennison* v. *Hapgood*, 2
Aik. 31.

3. The material allegations in the plea, as to the issuing of the
writ, and where it was returnable, &c., are alleged with no *venue*
or time. Stephens' Pl. 311.

4. Where the writ was made returnable, the nature of the ac-
tion, can only be tried by the court, by inspection of the writ and
declaration. The plea ought, therefore, to have offered that mode
of proof, by making profert of the writ, or, at least, by reference
to it. The common verification *in pais*, at the end of the plea, is
not sufficient. Stephens' Pl. 69, 437–8.

5. The traverse of the plaintiff's residence in Charlotte is too
broad. It traverses such residence in the *conjunctive* " *at the time
of the suing and service of said writ."* This implies that the
plaintiff might have resided there at *either* of said times, which
would be sufficient. Stephens' Pl. 261. Chit. Pl. 614.

6. It is only alleged argumentatively that the defendant did not reside in Charlotte. The allegation is that the defendant " resided in Burlington, and not elsewhere." This in strictness is only an infallible argument, that he did not reside in Charlotte. A formal traverse of this character, should always be laid directly to the very point in question.

*Underwood & Hard* for defendant.

It is objected that the material allegations are laid *without time* or *venue.* This is unfounded in fact, all the traversable allegations are laid with time and place. The *venue* is *Charlotte* and the *time* of the issuing of the *writ.*

The plea is not a *traverse* of any facts. It is an independent allegation of matter *de hors* the record, which the defendant would be compelled to prove if the plaintiff traversed the plea; and it is not objectionable as being too broad.

When the plea does not make the writ and officers return a part of the plea, the plaintiff cannot refer to them to aid a demurrer.

The commencement of the suit is the service of the writ and not the time the writ bears date, except to take a case out of the statute of limitations.

If the plea presents more than the defendant would be required to prove, it could not be an objection, which the plaintiff could raise as it would be against the pleader ; and in this case it is no more objectionable for being in the *conjunctive* than if it had been in the *disjunctive.*

If the plaintiff did not reside in Charlotte at the time he procured his writ served, he could not bring his suit there.

And because the defendant says he did not live there at that time, or before, it would be no good objection to the plea.

The opinion of the court was delivered by

ISHAM, J. The plea in this case is founded on the provisions of the Comp. Stat. 234, § 33, 36, which provides that all suits before a justice of the peace must be made returnable within the town where the plaintiff or defendant resides, if either resides in the state ; except in actions for goods, wares and merchandize sold and delivered, when the action must be brought in the town where they were sold. The questions arise on a demurrer to the plea in

abatement; and it is insisted that the plea is insufficient, as it does not appear from the same, or by reference to the writ, that that matter was pleaded in abatement before the justice. If it was material that the objection should have been taken there, it was not necessary to make such an averment in the plea; nor to refer to and make the writ and proceedings thereon, a part of the plea. The question would more properly arise on a motion to dismiss the plea, or the facts should have been introduced on the record, by way of replication. The plea also properly concludes with the common verification, and should not have concluded, that he was ready to verify by the writ, or record. This would have been necessary if the entire issue was to be proved only by the record. But when new matter is introduced by the plea, containing matters of fact, as well as of record, the common verification is proper. The commencement and prosecution of the suit, and the actual residence of the parties, are matters of fact; they are constituent parts of the same defence, and form one connected proposition, and, therefore, should conclude with this verification.

A greater degree of certainty and strictness is required in a plea in abatement, than in a plea in bar. Like a plea in bar, it should be certain as to time and place, and the averments are to be direct and positive, and not argumentative, so that a traverse will present a proper issue, and be capable of trial. The averment " that at the time of issuing and service of said writ, the said defendant did reside, and for a long time before, had and ever since has resided, in the town of Burlington, and not elsewhere," we think is defective on this, demurrer. The material and issuable fact was, whether the defendant resided at Charlotte when the suit was commenced. The averment may satisfactorily show, that the defendant did not reside at Charlotte, at that time, as he could not, if he resided at Burlington and not elsewhere; but that conclusion is a matter of inference, and technically the plea is argumentative. The averment should have been direct and positive, that the defendant did not at that time reside at Charlotte. As the averment now is, no traverse can be well taken; for if a traverse is taken in the words of the plea, the issue will be whether the defendant resided at Burlington and not elsewhere, instead of being whether he resided at Charlotte. The averment in this respect is well made, as to the residence of the plaintiff, " that at the

time aforesaid he did not reside in Charlotte." A traverse of this averment would present the issue as to the plaintiff in proper form ; and in this manner the averment should have been made in relation to the defendant.

It is unnecessary to pass upon other objections, which have been urged, as the plea in this respect is defective.

Judgment reversed and defendant must answer over.